**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| DENNIS K. FRENCH, SR., | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:25-cv-02562 |
| TRUEACCORD CORP. and LVNV FUNDING, LLC, | DEMAND FOR JURY TRIAL |
| Defendants. | |

**COMPLAINT**

NOW comes DENNIS K. FRENCH, SR. ("Plaintiff"), by and through the undersigned, complaining as to the conduct of TRUEACCORD CORP. ("TrueAccord") and LVNV FUNDING, LLC ("LVNV") (collectively "Defendants"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendants' unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Southern District of Indiana and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

1

4.   Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(1)-(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

**PARTIES**

5.   Plaintiff is a consumer over 18 years of age residing in Indianapolis, Indiana, which lies within the Southern District of Indiana.

6.   TrueAccord is a third party debt collector that specializes in the collection of consumer debts from consumers across the country, including from those within the state of Indiana. TrueAccord collects or attempts to collect, directly or indirectly, defaulted debts owed or asserted to be owed to others. Defendant is a corporation organized and existing under the laws of the state of Delaware with its principal place of business located at 16011 College Boulevard, Lenexa, Kansas, 66219.

7.   LVNV is a company that purchases portfolios of consumer debt owned by credit grantors including banks and finance companies, and by other debt buyers. LVNV is a limited liability company organized under the laws of the state of Delaware and its principal place of business is located at 55 Beattie Place, Suite 110, Greenville, South Carolina.

8.   Defendants acted through their respective agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9.   The instant action arises out of Defendants' attempt to collect upon a purportedly defaulted consumer obligation ("subject debt") said to be owed by Plaintiff.

10. The subject debt stems from past due payments Plaintiff is said to owe in connection with a bill for Internet services originally owed to Windstream Communications, Inc. ("Windstream"), which was further said to be incurred in July 2018 in the approximate amount of $170.12.

11. Upon information and belief, prior to the events giving rise to the instant action, LVNV acquired the subject debt from Windstream.

12. Subsequently, LVNV hired TrueAccord to assist it in collection efforts directed at Plaintiff.

13. The collection efforts engaged in by TrueAccord at LVNV's behest included email correspondence detailing the amount owed, the creditor, and LVNV's status as the debt holder.

14. On or about December 3, 2025, TrueAccord sent an email to a me.com email address seeking collection of the debt, providing details about the original creditor, current creditor, date of the debt, and amount of the debt, as well as payment options.

15. However, this email address was not Plaintiff's, but rather that of Plaintiff's son, who has the same name as Plaintiff.

16. Plaintiff's son was incensed to learn of the debt, and immediately reached out to Plaintiff to ask about why he was receiving communications about the debt.

17. This led to significant disagreement and frustration between Plaintiff and Plaintiff's son about the debt.

18. Frustrated, distressed, and concerned at Defendants' conduct, Plaintiff spoke with the undersigned regarding his rights, resulting in expending time and resources.

19. Plaintiff has suffered concrete harm as a result of Defendants' conduct, including but not limited to, invasion of privacy, emotional distress, aggravation that accompanies unwanted collection conduct, being harassed in violation of clear regulations prohibiting such harassment,

interference with personal and/or familial relationships, and similar violations of his federally protected interests to be free from harassing and abusive debt collection practices.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
PLAINTIFF AGAINST DEFENDANTS

20.  Plaintiff repeats and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

22. Defendants are both "debt collector[s]" as defined by §1692a(6) of the FDCPA, because they regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts, and are similarly both businesses whose principal purpose is the collection of debts.

23. Defendants are engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

24. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

25. LVNV is both directly liable under the FDCPA for its conduct as a debt collector, and vicariously liable for TrueAccord's violations of the FDCPA as a principal of TrueAccord.

**a.  Violations of FDCPA § 1692b**

26. The FDCPA, pursuant to 15 U.S.C. § 1692b, provides guidelines that debt collectors must follow when contacting persons other than the consumer for the purposes of acquiring information regarding the consumer's location. In particular, 15 U.S.C. § 1692b(2) provides that a debt collector may not "state that such consumer owes any debt" when contacting third parties in regards to acquiring information about the consumer.

27. Defendants violated 15 U.S.C. § 1692b when it contacted Plaintiff's son in efforts to collect upon the debt. Defendants disclosed to Plaintiff's son that Plaintiff owed a debt, in plain violation of 15 U.S.C. § 1692b(2).

### b.  Violations of FDCPA § 1692(c)

28. The FDCPA, pursuant to 15 U.S.C. § 1692c(b) prohibits a debt collector from communicating regarding collection of a debt "with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

29. Defendants violated § 1692c(b) when it knowingly communicated with Plaintiff's son regarding the subject consumer debt. Defendants sent communications disclosing that Plaintiff owed a debt, the name of the creditor, and the amount of the debt, to email addresses that were not associated with Plaintiff. Defendants further had no reason to believe said email addresses were associated with Plaintiff. As stated above, such conduct violated 15 U.S.C. § 1692(b) and therefore constituted impermissible efforts to communicate with a third party under 15 U.S.C. § 1692c(b) as well.

### c.  Violations of FDCPA §§ 1692d

30. The FDCPA, pursuant to § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in the collection of a debt."

31. Defendants violated 15 U.S.C. §§ 1692d, through their harassing and oppressive conduct in contacting Plaintiff's son regarding the debt. Upon information and belief, Defendants made such contacts in hopes that disclosure of the debt would place external pressure on Plaintiff to address the subject consumer debt, and force him into payment.

### d. Violations of FDCPA § 1692e

32. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

34. Defendants violated §§ 1692e and e(10) through their deceptive and misleading conduct surrounding their placement of collection emails to Plaintiff's son. Such conduct falsely represented to Plaintiff and his son that his son had responsibility on the debt, causing undue confusion and disagreement between Plaintiff and his son.

### e. Violations of FDCPA § 1692f

35. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

36. Defendants violated § 1692f through their unfair and unconscionable collection efforts directed towards Plaintiff. It was unfair for Defendants to attempt to force Plaintiff into payment by way of placing external pressure on him through disclosing the debt to his son.

WHEREFORE, Plaintiff, DENNIS K. FRENCH, SR., respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e.  Enjoining Defendant from further contacting Plaintiff; and

f.  Awarding any other relief as this Honorable Court deems just and appropriate.


Dated: December 18, 2025                    Respectfully submitted,

                                            s/ Nathan C. Volheim (Lead Attorney)
                                            Nathan C. Volheim, Esq. #6302103
                                            Counsel for Plaintiff
                                            Admitted in the Southern District of Indiana
                                            Sulaiman Law Group, Ltd.
                                            2500 South Highland Ave., Suite 200
                                            Lombard, Illinois 60148
                                            (630) 568-3056 (phone)
                                            (630) 575-8188 (fax)
                                            nvolheim@sulaimanlaw.com

7